IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL MUEHL,

                Petitioner,                                   ORDER

        v.                                                   09-cv-16-bbc

MICHAEL THURMER, Warden;
BAUER, Lieutenant;
GARY ANKARLO, Psychological Services Supervisor;
TODD CALLISTER, Psychiatrist;
BELINDA SCHRUBBE, Health Service Manager;
PAUL SUMNICHT, Doctor;
MARY GORSKE, Registered Nurse Practitioner;
MARY SLINGER, Registered Nurse;
FRAN JENNINGS, Registered Nurse;
GAIL WALTZ, Registered Nurse;
CHARLENE REITZ, Registered Nurse; and
BRUCE DUMONTIER, Dentist;

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this prisoner civil rights case brought under 42 U.S.C. § 1983, petitioner Michael Muehl has filed a proposed complaint in which he raises a number of claims primarily involving various alleged failures to provide him with medical, dental and mental health care. He seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. In a previous order

1

I concluded that petitioner was not required to make an initial partial payment because his prison trust found account statements show that he has no means to do so. 28 U.S.C. § 1915(b)(4).

Because petitioner is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Having reviewed petitioner's complaint, I conclude that he may not proceed at this time because his complaint violates Fed. R. Civ. P. 20.

Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-2045 (2d ed.1978).

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure), which

2

means that the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those defendants under Rule 18. This means also that under Rule 18, a party cannot join claims involving any defendant outside the group identified under Rule 20 .

For example, a plaintiff could have one lawsuit for breach of contract against defendants Smith, Jones, Wilson and Garcia and an unrelated lawsuit for personal injury against defendants Smith, Jones and Brown. If the plaintiff wanted to proceed with both claims in the same lawsuit under Rules 18 and 20, he would have to dismiss Wilson and Garcia from the first lawsuit or he would have to dismiss Brown from the second lawsuit. In this way, the same "core" of defendants (Smith and Jones) is common to both claims.

Applying these rules to petitioner's complaint, I conclude that petitioner is raising claims that belong in as many as six different lawsuits:

- Lawsuit #1: respondents Belinda Schrubbe, Mary Slinger, Fran Jennings, Charlene Reitz and Gail Waltz failed to provide petitioner adequate treatment for a MRSA infection, beginning in October 2007;

- Lawsuit #2: in November and December 2007 respondent Michael Thurmer was aware that petitioner was at risk for suicide but he failed to take any action to stop petitioner from harming himself; respondents Reitz, Bauer and Waltz failed to properly dress petitioner's wounds after he cut his wrist in December 2007;

3

- <u>Lawsuit #3</u>: in March 2008, respondents Gorske and Schrubbe failed to provide him with adequate medication for his chronic shoulder pain;

- <u>Lawsuit #4</u>: on two occasions after petitioner cut himself in October and November 2008, respondent Paul Sumnicht failed to properly suture petitioner's wounds; when petitioner complained to respondent Schrubbe, she did not respond reasonably;

- <u>Lawsuit #5</u>: from October 2007 to January 2008, respondent Bruce DuMontier unreasonably delayed dental care to petitioner;

- <u>Lawsuit #6</u>:  in 2008 respondent Todd Callister refused to take petitioner off a medication for Attention Deficit Disorder that caused petitioner to have hallucinations; after petitioner filed a grievance about this, respondent Callister stopped all prescriptions for petitioner's ADD, a decision approved by respondents Gary Ankarlo and Michael Thurmer; this is preventing petitioner from preparing a postconviction motion because he is unable to concentrate.

In addition to these claims, petitioner discussed other incidents in his complaint, but I have excluded those.  Because he did not identify particular respondents who were involved, I assume that he does not intend to raise those incidents as separate claims.

Under <u>George</u>, I may apply the filing fee petitioner owes in this case to only one of the lawsuits I have identified above. Petitioner will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

4

As for the other lawsuits, petitioner has a more difficult choice. He may choose to pursue each lawsuit separately. In that case, he will be required to pay a separate filing fee for each case he pursues. He will not be required to make any initial payment because he presently has no means with which to make the payment, but he will not be relieved of owing the full filing fee for each case. In addition, petitioner may be subjected to a separate strike for each of the separate lawsuits that he pursues if any claim in the lawsuit is dismissed for failure to state a claim upon which relief may be granted or because it is legally meritless. As petitioner may be aware, once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee except in very narrow circumstances. 28 U.S.C. § 1915(g). If petitioner wishes to combine any of these lawsuits without paying multiple filing fees, he will have to dismiss the respondents who prevent him from complying with Rule 20.

Alternatively, petitioner may choose to dismiss any or all of his remaining lawsuits voluntarily. If he chooses this latter route, petitioner will not owe additional filing fees or face strikes for those lawsuits. Any lawsuit dismissed voluntarily would be dismissed without prejudice, so petitioner would be able to bring it at another time.

Petitioner should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above. Once petitioner identifies the suits he wants to continue to

5

litigate, I will screen the individual actions that remain as required under 28 U.S.C. § 1915(e)(2). Because petitioner faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

## ORDER

IT IS ORDERED that

1. Petitioner Michael Muehl may have until February 16, 2009, to identify for the court the separately numbered lawsuit identified in the body of this opinion on which he wishes to proceed under the number assigned to this case.

2. Petitioner may have until February 16, 2009, in which to advise the court which of the remaining separately numbered lawsuits he will prosecute, if any, and which he will withdraw voluntarily.

3. For any lawsuit that petitioner dismisses voluntarily, he will not owe a filing fee.

4. For each lawsuit that petitioner advises the court he intends to prosecute (other than the one petitioner chooses to keep assigned to this case number), he will owe a separate $350 filing fee, but he will not be assessed an initial partial payment because he presently has no means with which to make such a payment.

5. If petitioner fails to respond to this order by February 16, I will enter an order

dismissing the lawsuit as it presently exists without prejudice for petitioner's failure to prosecute.

Entered this 30th day of January, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge