IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL MUEHL,

                Plaintiff,                            ORDER

       v.                                         09-cv-82-bbc

BRUCE DU MONTIER

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Bruce DuMontier has moved for summary judgment in this prisoner civil rights case in which plaintiff Michael Muehl is alleging that defendant unreasonably delayed dental care to plaintiff from October 2007 to January 2008, in violation of the Eighth Amendment. Although plaintiff's deadline for responding has passed, he has not filed any materials in opposition to defendant's motion. As a result, I must accept as true all facts properly proposed by defendant. Doe v. Cunningham, 30 F.3d 879, 883 (7th Cir. 1994); Glass v. Dachel, 2 F.3d 733, 739 (7th Cir. 1993); Wienco, Inc. v. Katahn Associates, Inc., 965 F.2d 565, 567 (7th Cir. 1992).

      In plaintiff's complaint, he alleged that, on October 30, 2007, he complained to defendant, the prison dentist, of pain that he was having as a result of dental work that

1

defendant had performed a few days earlier. Defendant did not respond until November 26, 2007, when he wrote, "Priority Appointment Made." However, he did not see plaintiff until January 29, 2008. Until then, plaintiff was experiencing "severe throbbing" in his tooth.

Defendant's proposed findings of fact tell a different story. These facts show that defendant is the "dental supervisor" for several Wisconsin prisons and that he had little involvement in plaintiff's dental care between October 2007 and January 2008. Dr. Kenneth Luedtke performed the procedure in October 2008; Dr. John Schettle performed the procedure in January 2008. Defendant's only involvement during that time was that, on November 26, 2007, he reviewed a dental services request that plaintiff had written and he ordered that a "priority appointment" be made for plaintiff.

In light of these facts, no reasonable jury could find that defendant consciously disregarded a serious medical need, which is the standard under the Eighth Amendment. Hayes v. Snyder, 546 F.3d 516, 522 (7th Cir. 2008). Even if I assume that plaintiff had a serious medical need and that defendant was aware of this need, defendant acted reasonably by ordering that plaintiff receive care. Because there is no evidence that defendant was aware of the delay, defendant's motion for summary judgment must be granted.

ORDER

IT IS ORDERED that defendant Bruce Du Montier's motion for summary judgment, dkt. #42, is GRANTED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 14th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge